[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11293
Non-Argument Calendar

_____

BIA Nos. A78-616-374 & A79-429-324

ANDRES DIAZ JIMENEZ,
LUZ JANETH BAUTISTA,
ELIZABETH DIAZ BAUTISTA,
IVONNE ALEXANDRA DIAZ BAUTISTA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 2, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Andres Diaz Jimenez ("Diaz") seeks review of the Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's ("IJ") decision that he failed to qualify for asylum, withholding of removal, and relief under the United Nations Convention Against Torture.  Diaz's wife, Luz Janeth Bautista, and two of their daughters, Ivonne Alexandra Diaz Bautista, and Elizabeth Diaz Bautista, are derivative applicants and thus rely on Diaz's asylum application.[1]

Diaz contends that in affirming the IJ's decision, the BIA erred in ignoring the testimony that he spoke out against the Fuerzas Armadas Revolucionarias de Colombia ("FARC") guerillas, that he received threatening phone calls from the FARC, and that, in the City of Bogata, two men in a taxi cab, whom he believed were associated with the FARC, shot at him while he was in his car waiting for the traffic light to change.   Moreover, because he has established past persecution at the hands of the FARC, the IJ and the BIA should have presumed that he would be persecuted if returned to Colombia, and, on the basis of that presumption, should have concluded that he was eligible for withholding of removal.[2]

_____

[1] Diaz filed the instant application for asylum and withholding of removal on January 9, 2000.  Prior to filing the application, he had traveled to the United States for pleasure and returned to Columbia on several occasions.  He came to the United States on January 30 and June 16, 1998, on January 2 and September 5, 1999, and on June 4, 2000.

[2] Other than a passing referencing in the "statement of the issue" section in his brief to us, Diaz does not argue on appeal that the BIA erred by affirming the IJ's decision that he did not qualify for relief under the United Nations Convention Against Torture.  As this passing reference is insufficient to preserve an argument that the IJ and BIA erred in denying him such relief, we treat him as having abandoned the point.  Sepulveda v. U.S. Att'y Gen., 401 F.3d

2

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004). We review legal issues de novo, Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001), and "administrative fact findings under the highly deferential substantial evidence test," Adefemi v. Ashcroft, 386 F.3d 1022, 1026 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005). Under this test, we will not reverse the BIA's factual finding unless the record compels a reversal. Id. at 1027. "We must affirm the agency's decision unless there is no reasonable basis for [that] decision." Id. at 1029 (emphasis added).

"To establish asylum eligibility based on [political opinion (or any other protected ground)], the alien must, with credible evidence, establish (1) past persecution on account of [one or more of the] protected ground[s], or (2) a 'well-founded fear' that [his] political opinion or any other protected ground will cause future persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005) (emphasis added). "To establish asylum based on past persecution, the applicant must prove (1) that [he] was persecuted, and (2) that the persecution was on account of a protected ground. To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution,

1226, 1228 n.2 (11th Cir. 2005).

3

that is (2) on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted and emphasis added).

"To qualify for withholding of removal, [petitioner] must have established that it is more likely than not that [his] life or freedom would be threatened on account of a statutorily protected factor if returned to [his country]." Silva, 448 F.3d at 1243 (citing 8 U.S.C. § 1231(b)(3)). "Where an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally precluded from qualifying for either asylum or withholding of [removal]." Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (citations omitted).

After carefully reviewing the record and the briefs on appeal, we discern no reversible error. It is not necessary for us to consider as an abstract matter whether an alien has established past persecution by testifying that guerillas shot at him because of his political opinion. See Sepulveda, 401 F.3d at 1231 (noting that "persecution is an extreme concept"). This is because Diaz could not identify the men who shot at him at the Bogata traffic light, and there was no evidence, other than the threatening phone calls that had been ongoing at that point for over a year, that the FARC was implicated in the shooting. This is why the IJ and BIA found that the shooting was unrelated to Diaz's political opinion. And nothing in this record compels us to find otherwise. Silva, 448 F.3d at 1238.

Because he failed to establish past persecution, Diaz still had to show that he

4

had a well-founded fear of future persecution. As the evidence before the IJ indicated, Dias had been involved in politics in Columbia only minimally, and by the time he testified before the IJ, on July 8, 2004, he had been out of that country for over four years. This lapse of time undercut the objective reasonableness of his testimony that he feared persecution at the hands of the FARC if he were returned to Columbia. Furthermore, as the BIA noted, Diaz and his family made several trips to the United States while the FARC was purportedly harassing him; yet, he never applied for asylum. This also weakened his claim to having a genuine subjective fear of persecution. In sum, the record does not compel a finding contrary to the BIA's finding that Diaz failed to demonstrate a well-founded fear of future persecution. We therefore find no error in the BIA's asylum ruling.

As Diaz failed to establish a well-founded fear of future persecution, the record provides us with no basis at all for reversing the BIA's decision that he also failed to satisfy the withholding of removal standard, i.e., that it was more likely than not that he would be persecuted upon his return to Columbia. The BIA's decision therefore stands undisturbed.

PETITION DENIED.

5